# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CORDELL MINOR, | CASE NO. 5:18CV1483 |
| | 5:15CR412 |
| Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | |
| UNITED STATES OF AMERICA, | |
| | MEMORANDUM OPINION |
| Respondent. | AND ORDER |

This matter comes before the Court upon Cordell Minor's ("Petitioner's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF #81). The Petitioner seeks to vacate his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Petitioner raised the following claims: (1) ineffective assistance of counsel for failing to allege the facts to establish standing at his Suppression Hearing; (2) ineffective assistance of counsel for failing to communicate a plea offer; (3) ineffective assistance of counsel for failing to object to ATF Agent's expert testimony on the interstate commerce nexus; and (4) violations of Constitutional Right to Due Process when Petitioner was not present in the courtroom when counsel waived Petitioner's right to testify. (ECF #81). The Government filed a Brief in Opposition to Petitioner's Motion. (ECF #85).

**Factual & Procedural Background**

The Petitioner was indicted in November of 2015 on one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) (Count

one). (ECF #1). In February of 2016, Mr. Minor filed a Motion to Suppress evidence seized, and requested an evidentiary hearing. (ECF #21). This Court conducted a hearing on August 3, 2016, and denied Mr. Minor's suppression motion, finding the consent to search the premises was valid. (ECF #31). Mr. Minor filed a Notice of Appeal to the Sixth Circuit on August 10, 2016, wherein he appealed the ruling entered on August 3, 2016. (ECF #32). On September 20, 2016, the Sixth Circuit ruled that it lacked jurisdiction over Mr. Minor's premature appeal and dismissed the appeal. After a two day jury trial, the Jury returned a guilty verdict, and on December 1, 2016, Mr. Minor was sentenced to 120 months in custody with three years of supervised release on Count one of the Indictment. (ECF #60). Following his conviction, Petitioner filed two Notices of Appeal. He also filed a Motion to Strike Judgment, and a Motion to Reopen Sentencing, both of which this Court denied. (ECF #59, 62, 64). The Sixth Circuit affirmed Mr. Minor's conviction and sentence. (ECF #77). Mr. Minor also petitioned for a writ of certiorari on May 16, 2018, which the United States Supreme Court denied on June 13, 2018. (ECF #78, 80). Petitioner then filed the instant motion seeking to vacate, set aside, or correct his sentence. (ECF #81).

## Standard

Under 28 U.S.C. § 2255, the Court must vacate and set aside a judgment of conviction only if the Court finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. "When a federal prisoner makes a § 2255 habeas claim, he alleges that his sentence was illegal, in that it

violated the United States Constitution or federal law." *Logan v. United States*, 434 F.3d 503, 510 (6th Cir. 2006). Under this provision a petitioner "must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (*citing United States v. Addonizio*, 442 U.S. 178, 185-86 (1979)). Petitioner has failed to provide support demonstrating that his claims meet any of the three elements.

A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief). It is well settled that a proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the

3

extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689. A reviewing court should avoid second-guessing counsel and must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Indeed, the Sixth Circuit has recognized the necessity of affording defense counsel wide latitude in making trial decisions. "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

Further, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citations omitted). The reviewing court is also required to recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

### Analysis

Mr. Minor's petition raises a claim of ineffective assistance of trial counsel, alleging that his trial counsel was ineffective: (1) "Attorney James Jenkins was ineffective for failing to allege the facts to establish standing at his Suppression Hearing;" (2) "Attorney James Jenkins was

4

ineffective for failing to communicate plea offer;" (3) "Attorney James Jenkins was ineffective for failing to object to ATF Agents expert testimony on the interstate commerce nexus;" and, (4) "Minor's Constitutional Right to Due Process was violated when he was not present in the Court Room when Counsel James Jenkins waived his right to testify." (ECF #81).

Petitioner was afforded effective assistance of counsel because his attorney's performance did not fall below the "objective standard of reasonableness" called for in *Strickland*. Defense counsel's performance also met with the standards of professional ethics. *See Strickland,* 466 U.S. at 689 ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"); *Id.* at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). *Accord English v. Romanowski,* 602 F.3d 714, 726 (6th Cir. 2010). Petitioner did not offer any substance in support of his claims of ineffective assistance of counsel, and thereby failed to show by a preponderance of the evidence that his constitutional rights were violated or infringed. *See Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006).

Minor's claim that counsel failed to establish standing at the Suppression Hearing is without merit. This Court found the consent to search valid and the Sixth Circuit affirmed it. This claim was raised on direct appeal, was resolved adversely to the petitioner, and therefore will not be reviewed under § 2255 as previously litigated. "As a general rule, § 2255 petitioners may not raise on collateral review a claim previously litigated on direct appeal." *Abbamonte v. United States,* 160 F.3d 922, 924 (2d Cir. 1998). Since the Appellate Court affirmed this Court's decision, Minor's argument of the same issue in the 2255 motion is moot and therefore is denied.

Petitioner's claim that his "Constitutional Right to Due Process was violated when he was

not present in the Court Room when Counsel James Jenkins waived his right to testify" (ECF #81) is without merit because Minor actively participated in the legal proceedings throughout his case. In particular, Minor filed five motions to dismiss counsel —two before trial and three afterward. (ECF #23, 33, 43, 47, 61). Minor's post-trial motions did not claim that he wanted to testify in his defense at trial. (ECF # 43, 47, 61). Rather, Minor noted that his counsel, Mr. Jenkins, had "begged Defendant to not take the stand during trial." (ECF #47). Additionally, during the first day of trial, before Minor said he wanted to testify, Minor interrupted the prosecutor's redirect examination of a witness. Because of his behavior and language, this Court had Minor removed from the courtroom and provided the jury curative instructions. (Id.). Minor returned to the courtroom and before adjourning for the day, Minor told the Court that he planned to testify. (ECF #74). The next morning, Minor did not contradict defense counsel's statement that Minor no longer wished to testify. (ECF #75). It is clear that Minor was present in the courtroom and did not interject - as he has done many times before – to the counsel's statement regarding Minor taking the stand; therefore, Minor's claim is unfounded and is denied.

Petitioner's argument that Counsel Jenkins failed "to object to ATF agents testimony on interstate nexus" is without merit because while counsel is indeed required to research and investigate the facts and law pertaining to their client's case, counsel is under no obligation to propound frivolous arguments. *Krist v. Foltz*, 804 F.2d 944, 946 47 (6th Cir. 1986) ("An attorney is not required to present a baseless defense or to create one that does not exist.") It is well established that a defendant's right to counsel does not give him a right to force his counsel to make every possible non-frivolous argument that could be made on his behalf. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983)("Neither *Anders* [*v. California*, 386 U.S. 738 (1967)] nor any

other decision of this Court suggests . . . a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").

Although Petitioner states that Counsel Jenkins failed "to communicate plea offer," (ECF #81), Petitioner also claimed that he "would have diffently[sic] took the plea deal... when A.U.SA. Linda Barr made the offer directly to Affiant Minor." Since, Mr. Minor received a plea offer directly from the United States by his own admission, his claim that Counsel Jenkins failed to communicate that same plea offer is without merit.

The United States Supreme Court, held that *Strickland v. Washington* does not require defense counsel to investigate and present every possible type of mitigating evidence no matter how unlikely it would assist the defendant. *Wiggins v. Smith*, 539 U.S. 510, 533 (2003). A strategic decision to forego certain evidence is reasonable to the extent that "reasonable professional judgments support the limitations on investigation." *Id. quoting Strickland*, 466 U.S. at 690-91. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland* at 691.

Petitioner's claims of ineffective assistance of counsel are unfounded and counsel made a strategic decision to forego presenting an argument which are not supported by the record.

## Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition

or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Minor has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (no evidentiary hearing required where "record conclusively shows that the petitioner is entitled to no relief") (*quoting Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003) (*quoting Green v. United States*, 65 F.3d 546 (6th Cir. 1995)). For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #81) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 10, 2018