# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 5:18CV1483 |
| | ) | 5:15CR412 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| CORDELL A. MINOR, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

This matter is before the Court on Petitioner's Motion to Strike Judgment and Reopen 28 U.S.C. § 2255 Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF #96). For the reasons set forth below, Petitioner's Motion is DENIED.

## Post-Sentencing Procedural History

On August 16, 2016, a jury decided against the Defendant, here Petitioner, Cordell A. Minor, as to Count 1 of the Indictment—being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF #40). On December 9, 2016, the Court sentenced Petitioner to 120 months in custody and three years of supervised release. (ECF #60).

Petitioner made three appeals to the Sixth Circuit Court of Appeals: one pro-se appeal prior to the jury verdict (ECF #32), one pro-se appeal after the jury verdict and judgment (ECF #59), and one appeal written by counsel David Doughten (ECF #62). The Sixth Circuit affirmed this Court's judgment. (ECF #77). The Supreme Court denied writ of certiorari. (ECF #80).

On December 27, 2016, Petitioner filed his first two post-sentencing motions challenging the judgment in this Court: (1) Motion to Strike Judgment and (2) Motion to Reopen Sentencing Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF #64). The Court denied the

first two motions on February 6, 2017 because there was no legal or factual support in support of the motions. (ECF #71).

Petitioner filed his third post-sentencing motion challenging the judgment in this Court on June 29, 2018 as a Motion to Vacate under 28 U.S.C. § 2255. (ECF #81). The Court denied the third motion on September 11, 2018 and certified that an appeal from the Court's decision to deny the Motion to Vacate could not be taken in good faith. (ECF #89).

Fourth, Petitioner filed a Motion to Amend or Alter Judgment on October 9, 2018. (ECF #92). Within the week, the Court denied the Motion because there was no reason to amend or alter judgment. (ECF #93).

Still in October of 2018, Petitioner filed his fifth and sixth post-sentencing motions challenging the judgment in this Court: (5) Motion to Strike Judgment or Order and (6) Motion to Reopen 28 U.S.C. § 2255 Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF #94). The Court denied the two motions on September 19, 2018 and noted that the Court has already considered these issues. (ECF #95).

Now, Petitioner files his seventh and eighth post-sentencing motions challenging the judgment in this Court: (7) Motion to Strike Judgment and (8) Motion to Reopen 28 U.S.C. § 2255 Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF #96). United States of America files a timely response. (ECF #98).

## Discussion

Prior to the Motion to Strike Judgment and Motion to Reopen 28 U.S.C. § 2255 Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure now before the Court, the Court issued orders responding to Petitioner's two previous Motions to Strike and two previous Motions to Reopen 28 U.S.C. §2255 Motion. The Court has already considered these issues, and the Court denied such motions.

Petitioner wrote, "Minor feels very strongly that the Court committed fraud." (ECF #96, page 3). "Fraud," as used by the Petitioner, is referencing the Federal Rules of Civil Procedure 60(b)(3). FRCP 60(b)(3) provides a Petitioner with grounds for relief when there is "fraud, misrepresentation, or misconduct by an opposing party." Here, Petitioner contends that the *Court* was fraudulent, not an opposing party as the rule requires. Therefore, there is no legal basis for Petitioner to use FRCP 60(b)(3) against the Court.

Petitioner separately requested the Court take notice of correspondence between the Petitioner and his counsel concerning receipt of the sentencing transcript. (ECF #99). The Court notes that the Transcript of Sentencing filed on March 15, 2017 is available to the public. (ECF #72). In regards to the Petitioner's question of how counsel can file an appeal without the sentencing transcript (ECF #99), an appellant does not need to file a complete record with all transcripts on appeal, only those transcripts relevant to the appeal. FRCP 10.

## Conclusion

Whereas the Court has already considered the issues raised by the Petitioner, Petitioner's Motion to Strike Judgment and Reopen 28 U.S.C. § 2255 Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF #96) is DENIED.

3

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 28, 2019